1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9   AVRUM V. GRATCH, M.D.,

10              Plaintiff,                         No. C 04-03028 JSW

11       v.

12   R. JAMES NICHOLSON, Secretary of the         **ORDER DENYING PLAINTIFF'S**
     United States Department of Veteran's Affairs, **MOTION TO ALTER OR AMEND**
13                                                 **JUDGMENT**
                Defendant.
14   _____/

15

16          Now before the Court is the motion to alter or amend judgment pursuant to Federal Rule

17   of Civil Procedure 60(a) and (b) filed by Plaintiff Avrum V. Gratch, M.D. ("Dr. Gratch").  The

18   Court finds that this matter is appropriate for disposition without oral argument and the matter is

19   deemed submitted.  *See* N.D. Civ. L.R. 7-1(b).  Accordingly, the hearing set for January 13,

20   2006 is VACATED.   Having carefully considered the parties' arguments and the relevant legal

21   authority, the Court DENIES Plaintiff's motion.

22                                **BACKGROUND**

23          Dr. Gratch contends that he was fired as a part-time orthopedic surgeon for the Palo Alto

24   VA because of his age.  Defendant R. James Nicholson, Secretary of the United States

25   Department of Veteran's Affairs ("Defendant") moved for summary judgment.  Although

26   referenced in his brief in opposition to Defendants' motion for summary judgment, Dr. Gratch

27

28

United States District Court

For the Northern District of California

1  did not file the Declaration of Mary Dryovage ("Dryovage Declaration"), or any of the exhibits

2  attached to this declaration.[1]

3        Counsel for Dr. Gratch, Mary Dryovage, contends that due to a "clerical error" she had

4  no notice that "the manual e-filing of her declaration in opposition to the motion for summary

5  judgment had not been properly filed." (Mot. at 1-2.) On July 28, 2005, the Clerk issued a

6  notice to Defendant regarding its manual filing of documents. Defendant manually filed, rather

7  than e-filed, voluminous exhibits in support of its motion for summary judgment. The Clerk's

8  notice informed Defendant that the paper documents had been filed and docketed, but that

9  Defendant should also e-file the documents. (*See* Docket No. 54.) Dr. Gratch appears to

10  contend that the Clerk erred in issuing a notice to Defendant but not to him.

11        On July 25, 2005, almost two months before the Court issued its order on Defendant's

12  motion for summary judgment, Defendant filed objections to the Dryovage Declaration based on

13  Dr. Gratch's failure to file it and on his failure to timely serve the declaration. Dr. Gratch did

14  not respond to Defendant's objections, nor seek leave of Court to file this evidence.

15        On September 20, 2005, the Court granted Defendant's motion for summary judgment.

16  The Court found that Defendant presented evidence of a legitimate nondiscriminatory reason for

17  terminating Dr. Gratch, and that, Dr. Gratch thus bore the burden to demonstrate that

18  Defendant's articulated reason was pretextual. The Court concluded that, *even if it considered*

19  *the Dryovage Declaration that had not been filed*, Dr. Gratch failed to meet his burden to

20  demonstrate pretext. Dr. Gratch now moves to have the Court alter or amend its order granting

21  summary judgment and judgment in favor of Defendants.

22

23

24

25      [1] Dr. Gratch's position on whether this evidence was actually filed is not clear. Dr.
Gratch's counsel, Mary Dryovage, filed a declaration in support of the present motion to alter

26  or amend judgment, stating that her declaration in support of Dr. Gratch's opposition to the
motion for summary judgment was filed on July 18, 2005. Later in the same declaration, Ms.

27  Dryovage asserts her declaration in support of Dr. Gratch's opposition was manually filed on
July 19, 2005, along with Exhibits 3, 4, and 5. Unfortunately, the records of the Court do not

28  contain any indication that the Dryovage Declaration in support of Dr. Gratch's opposition,
or any of the attached exhibits, was ever filed, manually or electronically.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

**ANALYSIS**

**A.      Federal Rule of Civil Procedure 60(a).**

Dr. Gratch moves to alter or amend the Court's order pursuant to Federal Rule of Civil Procedure 60(a) ("Rule 60(a)"). This rule is inapplicable here. Rule 60(a) provides in pertinent part: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." Rule 60(a) authorizes a trial court to alter a judgment "to make a judgment reflect the actual intentions of the court, plus the necessary implications. ... Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. ... The error can be corrected whether it is made by a clerk or by the judge." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). In essence, Rule 60(a) enables a court to correct "blunders in execution," but not "instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Id*. at 1577 n.2.

Dr. Gratch does not point to any "blunder in execution" supporting his motion, but rather, asserts that the Court erred in not considering the evidence attached to the Dryovage Declaration. To the extent Dr. Gratch contends the Clerk made an error by issuing a notice to Defendant regarding its manual filing of exhibits, but not to him, such conduct is not a "blunder in execution" covered by Rule 60(a), *i.e.*, the entering of a judgment that does not actually reflect the Court's intention. Furthermore, the Clerk did not err by not issuing a similar notice to Dr. Gratch because he did not manually file the documents at issue. Moreover, even if the Court could construe Dr. Gratch's motion as one properly brought under Rule 60(a), the notice to Defendant and the lack of any similar notice to Dr. Gratch had no impact on the Court's decision to grant summary judgment. Even though the Dryovage Declaration had not been filed, the Court reviewed the declaration and attached exhibits and determined that such evidence was insufficient to demonstrate the existence of a genuine issue of material fact. (*See* Docket No. 61

3

1   (Order Granting Defendant's Motion for Summary Judgment) at 8.)  Accordingly, the Court

2   denies Dr. Gratch's motion to alter or amend judgment pursuant to Rule 60(a).

3   **B.      Federal Rule of Civil Procedure 60(b)**

4          Dr. Gratch also moves to alter or amend the Court's order pursuant to Federal Rule of

5   Civil Procedure 60(b) ("Rule 60(b)").  Rule 60(b) provides in pertinent part that: "On motion

6   and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the

7   following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... or (6) any other

8   reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b).  These

9   provisions are mutually exclusive, meaning that a party may only move on one of these grounds.

10  *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393

11  (1993).  Although required to, Dr. Gratch did not specify which grounds on which he is moving.

12  However, even if Dr. Gratch could move pursuant to both Rule 60(b)(1) and (b)(2), Dr. Gratch's

13  motion fails on both grounds.

14         "To qualify for relief under Rule 60(b)(1), the movant must demonstrate mistake,

15  inadvertence, surprise, or excusable neglect."  *Engleson v. Burlington Northern Railroad Co.*,

16  972 F.2d 1038, 1043 (9th Cir. 1992) (quotations and citation omitted).  The Ninth Circuit has

17  made clear that "[n]either ignorance nor carelessness on the part of the litigant or his attorney

18  provide grounds for relief under Rule 60(b)(1)."  *Id*.  Moreover, if the failure to submit

19  evidentiary materials is solely due to an attorney's carelessness, it would be an abuse of

20  discretion for the court to grant relief pursuant to Rule 60(b)(1).  *See id.* (citing with approval

21  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)); *see also*

22  *Sheehan v. City and County of San Francisco*, 1999 WL 33292942, * 6 (N.D. Cal. June 15,

23  1999).

24         Other than his assertion that he did not realize the Dryovage Declaration had not been

25  properly filed, Dr. Gratch does not provide a reason for his failure to file the evidence in

26  opposition to Defendant's motion for summary judgment.  Whether his failure to file was due to

27  ignorance or carelessness, neither provides a basis for relief from judgment.  *See Engleson*, 972

28  F.2d at 1043.  Moreover, Dr. Gratch did have notice of his deficiency.  On July 25, 2005, almost

United States District Court

For the Northern District of California

4

**United States District Court**

For the Northern District of California

1    two months before the Court issued its order on Defendant's motion for summary judgment,

2    Defendant filed objections to the Dryovage Declaration pointing out Dr. Gratch's failure to file

3    this evidence.  After having such notice, Dr. Gratch did not respond to Defendant's objections,

4    nor seek leave of Court to file the Dryovage Declaration.  Finally, even though Dr. Gratch did

5    not file the Dryovage Declaration, the Court had reviewed the citations referenced in Dr.

6    Gratch's opposition brief and concluded that such evidence would have been insufficient to

7    defeat summary judgment.  (*See* Docket No. 61 (Order Granting Defendant's Motion for

8    Summary Judgment) at 8.)  Thus, even if Dr. Gratch had demonstrated mistake, inadvertence,

9    surprise, or excusable neglect pursuant to Rule 60(b)(1) justifying relief from judgment, the

10   outcome would not change.  Even considering the Dryovage Declaration, Dr. Gratch did not

11   present sufficient evidence to demonstrate the existence of a genuine issue of material fact.

12   Thus, the Court denies Dr. Gratch's motion to the extent it is premised on Rule 60(b)(1).

13        Dr. Gratch's motion also fails pursuant to Rule 60(b)(6) ("any other reason justifying

14   relief from the operation of the judgment").  "To justify relief under subjection (6), a party must

15   show 'extraordinary circumstances' suggesting that the party is faultless...."  *Pioneer*

16   *Investment*, 507 U.S. at 393.  Dr. Gratch has made no showing either of extraordinary

17   circumstances or that he and his counsel were faultless.  Accordingly, the denies Dr. Gratch's

18   motion to the extent it is premised on Rule 60(b)(1).[2]

19                              **CONCLUSION**

20        For the foregoing reasons, Dr. Gratch's motion to alter or amend judgment is DENIED.

21   **IT IS SO ORDERED.**

22   Dated: January 10, 2006

23                                         JEFFREY S. WHITE
                                           UNITED STATES DISTRICT JUDGE

24

25

26   _____

      [2]  The remainder of Dr. Gratch's motion is an improper attempt bring a motion for

27   reconsideration.  Pursuant to Civil Local Rule 7-9(a), a party must seek leave of Court before
     filing a motion for reconsideration.  Moreover, a motion for reconsideration may only be

28   filed before entry of judgment.  *See* Civ. L.R. 7-9(a).  Dr. Gratch did not satisfy either of
     these requirements.  Therefore, the Court will not address the portion of Dr. Gratch's motion
     which merely reargues the merits of Defendant's motion for summary judgment.

5

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28